UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALAK BAALIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-CV-2569 AGF |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion for leave to proceed in forma pauperis filed by *pro se* plaintiff Malak Baalim. ECF No. 4. Because this filing does not comply with the Local Rules of this Court or the federal statute under which it may be granted, the Court will direct plaintiff to file an amended application or pay the full filing fee. The Court warns plaintiff that his failure to comply with this Order could result in dismissal of this action.

**Background**

On September 12, 2019, plaintiff "Malak-Baalim," otherwise known as Norbert K.O. Cody II, filed a seventy-eight-page document with the Court titled "Notice of Tort Claim and Opportunity to Cure." ECF No. 1. Plaintiff claims to be a "creditor" against "Debtor[s]" United States of America, St. Charles County, State of Missouri, St. Charles County Municipal Court, Judge Joel David Brett, St. Peters Police Department, and Missouri State Highway Patrol. *Id.* at 1.

On October 1, 2019, the Court issued an Order directing plaintiff to either pay the $400 filing fee or file a motion to proceed without prepayment of fees and costs. ECF No. 2. In response, plaintiff filed the court-form "Application to Proceed in District Court Without Prepaying Fees and Costs" but he filled in all the blanks on the form with "N/A" except for the

case number field.  ECF No. 4.  Included with the form Application, plaintiff attached a document titled "Affidavit to Proceed without Payment" which states that the filing fee should be waived because:

1) Pursuant to Article 1 section ten of the U.S. Constitution nothing shall be tender for payment but silver and good coin
2) According to supreme court justice William Brennan there is no charge for claims against the government.
3) Pursuant to HJR192 no debt can be lawfully paid.
4) Pursuant to 12 USC SECTIONS 210.10 and 210.12; debt can only be discharged.
5) Per executive order 6102 our ability to pay our debts has been abolished.

*Id.* at 3.  Plaintiff signed this "Affidavit" attachment as "Malak-Baalim" and applied his fingerprint.  Plaintiff included three pages with his Application that relate to a claim against the U.S. Postal Service that seems to have no relation to his request to proceed without payment of the filing fee.  ECF No. 4-1.

Because mail sent to plaintiff was returned as undeliverable, the Court issued a Show Cause Order on November 4, 2019, directing plaintiff to update the Court with his current mailing address.  ECF No. 5.  Plaintiff responded that his mailing address has not changed since he filed this action.  ECF No. 6.  The Court will direct the Clerk of Court to add a "c/o" to plaintiff's address, as was done in a related civil proceeding in this Court.[1]  *See Gaia v. United States of America*, No. 4:19-CV-2670-JCH (E.D. Mo. Sept. 26, 2019) (ECF No. 8).

**Discussion**

Under the Local Rules of this Court: "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court.  The Court may require the submission of additional information in a

---

[1] The Court takes judicial notice of its records regarding related civil proceedings. See *Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records)).

particular case." E.D. Mo. L.R. 2.05(A).  Additionally, under the Local Rules, the Clerk can return any complaint submitted for filing in forma pauperis which is not accompanied by an affidavit as required by 28 U.S.C. § 1915(a).  E.D. Mo. L.R. 2.05(C).  Under 28 U.S.C. § 1915(a)(1), the affidavit should include "a statement of all assets."

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  In forma pauperis status is a matter of privilege, not of right.  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, the Court cannot assess whether plaintiff should be granted in forma pauperis status because he has not provided the Court with any financial information.  Plaintiff's "N/A" responses are inadequate to convey his personal financial situation and his attached "Affidavit" is just a series of nonsensical legal references.  Plaintiff did not include a list of all assets as required under the statute.

The Court notes that in plaintiff's initial filing with the Court he describes himself as a "natural man" and "states his status as an sovereign of the land."  ECF No. 1 at 5.  Plaintiff also claimed in a Missouri state court hearing that the court had "no jurisdiction over him."  *Id.* Plaintiff's alleged individual sovereignty does not excuse him from following the Local Rules of this Court, especially since claims of this "sovereignty" nature completely lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts.  *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous

an appeal in tax case challenging government's jurisdiction over "sovereign citizen"); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen" or a "secured-party creditor").

As a result of plaintiff's failure to provide the required financial information, the Court cannot rule his motion to proceed in forma pauperis in this matter. In forma pauperis status is a privilege and not a right. Plaintiff must either provide the required financial information or pay the full filing fee in order for this case to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to send plaintiff a blank 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or submit the completed Application to Proceed in District Court without Prepaying Fees or Costs, in accordance with the instructions set forth herein, within **fourteen (14) days** of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court should update plaintiff's address on the docket sheet as reflected on the envelope containing the initial filing: "Malak Baalim, c/o Norbert K.O. Cody II, P.O. Box 552, St. Charles, MO 63302."

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice from the Court.

Dated this 16th day of December, 2019.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE