UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MALAK BAALIM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:19-CV-2569 AGF |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the two motions of self-represented plaintiff Malak Baalim, otherwise known as Norbert K.O. Cody II, for leave to commence this action without prepayment of the required filing fee. Because the Court found plaintiff's first motion to proceed *in forma pauperis* (ECF No. 4) failed to comply with the Local Rules of this Court and the federal statute under which it may be granted, the Court directed plaintiff to file a new motion. *See* ECF No. 7. Having reviewed the new motion (ECF No. 8) and the financial information submitted in support, the Court will grant the new motion and deny the first motion as moot. *See* 28 U.S.C. § 1915(a)(1). Furthermore, as discussed below, the Court will dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the

elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous, when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* (internal quotations omitted). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke,* 490 U.S. at 327). Allegations are clearly baseless if they are "fanciful," "fantastic," "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* at 32-33.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim

for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint**

On September 12, 2019, plaintiff "Malak-Baalim," otherwise known as Norbert K.O. Cody II, filed a seventy-eight-page document with the Court titled "Notice of Tort Claim and Opportunity to Cure." ECF No. 1. In that document, plaintiff claims to be a "creditor" against "Debtor[s]" United States of America, St. Charles County, State of Missouri, St. Charles County Municipal Court, Judge Joel David Brett, St. Peters Police Department, and Missouri State Highway Patrol. *Id.* at 1.

It is incredibly difficult to decipher the allegations of plaintiff's long complaint. The complaint contains no clear statement of facts nor a clear, valid legal authority or theory. Plaintiff states the date of injury as "08-15-2019," however the incidents he details in his complaint range in date from February to August 2019. The complaint begins with a one-page "Affidavit of Notice of Default and Opportunity to Cure" in which plaintiff alleges that the defendants agreed to contract terms with him but their silence in response to plaintiff's demands on these terms "established irrevocable debt." ECF No. 1 at 2. Plaintiff claims he served defendants by certified mail with his claims and because they have not responded in ten days, his complaint serves as a "notice of default" against them. Plaintiff states that this is "based on gods law per Hebrews 6:16-17" and that he has the power to issue default under "universal principles mandated by the maxims of commercial law; which is God's law." *Id.* Plaintiff then includes a blank page except for the title: "Notice of Full Disclosure as to the Commercial Lien Process – Notice of Lien UCC1." *Id.* at 3.

Next, plaintiff states his requested relief of the total amount of "$1.354204370202e+17 (lawful us silver Dollars)." ECF No. 1 at 4. As a "Presettlement Offer," plaintiff offers to accept half this dollar amount plus other conditions which include: vacating all cases involving him, placing his name on the "Do Not Stop or Detain" list, releasing an escrow account to him, and transferring a list of properties to him and his organization. *Id.*

The next twenty pages of the complaint are titled "Affidavit of Negative Adverment" and they contain numerous random and unrelated allegations of wrongdoing by a variety of people, companies, courts, and police departments. The Court notes that many of the situations plaintiff complains about do not involve any of the named defendants. In the majority of the incidents described, plaintiff explains his "sovereign status" to people and he does not get the response he would like. He then claims his rights have been violated and that he has a "uniform commercial code" claim against them. For example, plaintiff describes multiple encounters with the police where they request to see his driver's license and vehicle registration. In response, plaintiff explains his "sovereign status" and his "right to travel." After receiving tickets from multiple police officers, plaintiff simply mails them back to the police department warning them to "cease and desist."

However, plaintiff does not only discuss his "sovereign status" with the police. He explains it to a hotel clerk "to make her aware not to violate his human rights;" to a towing company operator in an attempt to avoid paying the cost to reclaim his vehicle; and to a bank representative in an attempt to open an account without a driver's license. ECF No. 1 at 6, 10, 11. Plaintiff also seems to use this justification to avoid paying child support obligations. *Id.* at 20.

Plaintiff describes himself as the "messenger of the Lord" and discusses how shock devices, and other weapons, do not work against a "natural man" like himself. ECF No. 1 at 5. In his final page of 'Negative Adverments,' plaintiff summarizes by claiming that there is a "St. Louis City wide conspiracy" against him and that he "charge[s] the UNITED STATES with treason to the law of the Land." *Id.* at 24.

The remaining fifty plus pages of plaintiff's complaint lists over a hundred different people and organizations, including police officers, judges, prosecutors, and many local cultural sites. For each listed, the plaintiff states the alleged damages owed to him. He seeks a range between millions to trillions of dollars from each one. ECF No. 1 at 25-78.

**Attachment to Plaintiff's Second Motion for Leave to Proceed In Forma Pauperis**

Plaintiff included additional information in an attachment to his second motion for leave to proceed *in forma pauperis*, filed December 27, 2019. *See* ECF No. 8-1. Plaintiff summarizes his allegations against defendant courts and judges in this attachment. Plaintiff states that when summoned to court, he would ask the judge to show "the proper documentation 'oath of office' and 'delegation of authority' papers" so that plaintiff could make sure that the judge "had the court authority to act as Judge" on that specific date. According to plaintiff, when the judge could not provide these documents that are "required by law," he was within his "freeman" rights to not enter the court. As a result of this denial of due process of law, he sent his "tort claim." When there was no response, he filed the instant action in this district court "to report the abuse of power." *Id.* at 1.

Also discussed in this attachment, plaintiff rejects the title of "sovereign citizen" and informs the Court that he considers the title a defamation of his character. ECF No. 8-1 at 1. Plaintiff says that the use of the term "sovereign citizen" in his complaint is only intended to

mean that he is a "freeman." *Id.* Plaintiff states that the only organization that he is a part of is the non-profit "THE GOODFIGHTERS," but he does not elaborate on any aspects of this organization. *Id.*

### Discussion

Having reviewed and liberally construed plaintiff's pleadings, the Court finds that plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted. It is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2).

Federal courts are courts of limited jurisdiction and plaintiff's claim that he brings his complaint under "God's laws" is not sufficient to establish a valid, legally cognizable claim in federal court. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even *pro se* plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so. While this Court must liberally construe *pro se* filings, this Court will not construct claims or assume facts that plaintiff has not alleged. The allegations of plaintiff's complaint fail to state a claim upon which relief may be granted.

Although rejected by plaintiff, as the Court noted in its Order issued December 16, 2019, plaintiff describes himself repeatedly as a "sovereign" throughout his complaint. Plaintiff also asserts that judicial courts lack jurisdiction over him. Claims of this "sovereignty" nature completely lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous an appeal in tax case challenging government's jurisdiction over "sovereign citizen"); *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United*

*States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen" or a "secured-party creditor").

Additionally, the Court finds many statements in the complaint to be fanciful and perhaps delusional. Plaintiff's request for relief in the amount of "$1.354204370202e+17 (lawful us silver Dollars)" and his general demand that the United States "vacate property" and "forfeit all operations to the Goodfighters LLC," are nonsensical and "rise to the level of the irrational or the wholly incredible." ECF No. 1 at 4, 24; *Denton*, 504 U.S. at 33. In addition, plaintiff claims that he is the "messenger of the Lord" and that weapons do not work on him because he is a "natural man." *Id.* at 5. The Court finds that plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion to proceed *in forma pauperis* [ECF No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's first motion to proceed *in forma pauperis* [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of January, 2020.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE